Jones, J.
The constitutionality of Section 579, General Code, was challenged by the railway companies. The principal question to be determined, however, is whether or not the alleged excess charges for freight are to be considered overcharges upon a shipment within the meaning of Section 579, General Code, and whether said section sanctions the recovery of a larger sum paid for freight charges than is -charged for a longer haul, under the provisions of Section 8988, General Code. This section reads as follows:
“No company, or person owning, controlling, or operating a railroad in whole or part within this state, shall charge or receive for transportation of freight for any distance within this state a larger sum than is charged by the same company or person for the transportation in the same direction, of freight of same class or kind, for an equal or greater distance over the same road and connecting lines of road.”
' Claiming that said section has been violated by the railroad companies in the manner specified, complainants sought the jurisdiction of the Public Utilities Commission under favor of Section 579, General Code, which provides as follows:
“All claims, charges or demands against a railroad * * * for overcharges upon a shipment * * * may be submitted to the commission by a formal complaint * * *. Upon the filing of such complaint the commission shall forthwith cite the railroad to answer the complaint, and the citation shall be accompanied with a brief statement *176 of the claim. The answer of the railroad shall be filed within three weeks from the service of the citation and shall be verified as answers in civil cases and may be accompanied with the affidavits of any witnesses having knowledge of facts material to the inquiry. * * * The commission shall proceed summarily to examine the complaint, answer, the reply and affidavits and shall determine the existence and validity of the claim presented. If it find in favor of the claimant it shall certify its findings to the clerk of the court of common pleas of the county,” etc.
The complainants’ contention is that the freight charges imposed were unlawful and therefore “overcharges” within the meaning of Section 579, General Code, and that under this section the commission had jurisdiction to hear their complaint. On the other hand, since the railway companies charged only the rates fixed by their tariff schedules, it is claimed by the railway companies that these rates were lawful rates until changed by the commission, and' could not be considered to be “overcharges” within the meaning of that section, and that therefore the commission had no jurisdiction. It is further claimed by the railway companies that plenary remedy had been provided by Section 8989, General Code, a penal section, and that this remedy was exclusive. This latter view was entertained by the court of common pleas, but denied by the court of appeals.
As we construe the code provisions referred to, we think the excess charges made for the short haul were “overcharges” and were made unlawful *177 by the quoted statute. The remedy provided by Section 579, General Code, is a concurrent remedy, which a shipper is authorized to pursue. The fact that Section 8989, General Code, had made provision whereby the aggrieved shipper could recover double the amount ovf the overcharge in a civil action brought in the name of the state does not deprive the shipper of the right to pursue the concurrent remedy given him by another statute, whereby he may recover before the commission simply the excess charges made unlawful by the long and short haul statute. Furthermore, Section 8989, General Code, refers to these specific freight charges as “overcharges.”1 The contention of the railway companies that these charges were not unlawful because they were made under published tariff schedules is not sound for the reason that the published tariff schedules filed in this instance were made in violation of law and were therefore unlawful rates. Where a railroad company charges a rate that is in excess of a lawful rate it is an “overcharge,” and the protection of the published tariff schedule does not operate as a cloak of validity where such schedule is in direct violation of positive law. The clause in Section 510, General Code, which provides that the rates, fares and charges named in the schedules filed “shall be the lawful rates, fares and charges until they are changed as provided in this chapter,” was intended only to apply to proper legal schedules filed in compliance with that chapter of the code and was not intended to confer upon the scheduled rate a lawfulness denied by Section 8988, General Code.
*178 Counsel for the plaintiffs in error, as did, the court of common pleas, seek to find justification in the language of the judge delivering the opinion in Taylor-Williams Coal Co. v. The Public Utilities Commission of Ohio, 97 Ohio St., 224, wherein it is said at page 230 that the term “overcharge” had come to have an accepted meaning when used in connection with Section 579, General Code, and “that the term means a charge collected above the lawful tariff rate • — ■ a charge of more than is permitted by law.” These charges are in excess of those permitted by the law of the state, and are,1 therefore, “overcharges” within the definition given by the judge in that case. However, it must be remembered that the opinion of the court must be read in connection with the facts disclosed. In the Taylor-Williams Coal Company case, the court was considering tariff schedules, and the definition was given in that connection, but had the question here under consideration been before the court, — a rate made unlawful by statute, as in this case, — the court would undoubtedly have defined this as an “overcharge,” or “a charge of more than is permitted by law,” as stated in the opinion in that case.
The insistence that Section 8988, General Code, contemplates only the measuring of a local rate with the longer joint rate haul, cannot be maintained in view of the comprehensive prohibitive terms employed in that section. The company is explicitly forbidden to charge for transportation, not simply over its local line, but “for any distance within this state,” a larger sum than is charged for *179 an equal or greater distance over the same road and connecting lines of road.
We do not find any constitutional infirmity in Section 579, General Code, which is challenged by plaintiffs in error on that ground. Much of the argument now presented was advanced in attempting to challenge the constitutionality of its accompanying section, Section 580, General Code, which was held to be constitutional in Hocking Valley Ry. Co. v. Cluster Coal & Feed Co., 97 Ohio St., 140. In that case we sustained the finding of the Public Utilities Commission and the authority of the clerk of the court of common pleas to enter up such finding as a judgment. By these two sections of the code the rights of the utilities are safeguarded by judicial hearing, and full opportunity there given for any examination or cross-examination of a party or witness; and the fact that this procedure is not made applicable to all litigants in general does not impair its constitutional validity.
We therefore hold that the Public Utilities Commission had jurisdiction of the complaint and proceeding there instituted, and that the court of common pleas likewise had jurisdiction, and erred in dismissing the cause certified thereto. The judgment of the court of appeals is affirmed.

Judgment affirmed.

Nichols, C. J., Matthias and Wanamaker, JJ., concur.
Johnson and Merrell, JJ., not participating in the hearing.